McDONALD *v.* MARQUETTE CIRCUIT JUDGE.

1. Eminent Domain—Public Necessity—Admissions in Answer. In proceedings to take private property for public use as a cemetery, an answer which admits that the cemetery in use is crowded and that public health and convenience require the selection of a new cemetery, constitutes a sufficient admission of the necessity of the public improvement and limits the issue to the question of the necessity for taking the defendant's property.

2. Same—Issues—Striking Out Portions of Answer. Mandamus will not lie to compel a circuit judge to vacate an order striking out portions of an answer to a petition in such proceedings, where the answer attempted to place in issue immaterial questions relating to the interest of private parties who agreed to bear the expense of removing the bodies from the old cemetery to the proposed new one, in consideration of mining privileges in the former, and where other portions struck out related to the question of damages.

Mandamus by Catherine McDonald to compel John W. Stone, circuit judge of Marquette county, to vacate an order striking out portions of an answer to a petition in condemnation proceedings. Submitted November 16, 1909. (Calendar No. 23,641.) Writ denied December 30, 1909.

*Cummiskey & Spencer,* for relator.

*T. A. Thoren* (*William P. Belden,* of counsel), for respondent.

The city of Negaunee filed a petition in the circuit court for the county of Marquette to condemn a piece of land belonging to the relator for the purposes of a public cemetery. It is conceded that all the proceedings taken are regular, and that the petition alleges all the essentials to jurisdiction. The relator answered, and the question now before the court arises on the allegations of section 5 of her answer, which is as follows:

" Respondent is informed and admits that the cemeteries now in use in the city of Negaunee are filled up and crowded, and that the public health and convenience require the selection and adoption of a new cemetery; *but the respondent shows that it has been discovered that, under the present cemeteries, there is a large deposit of iron ore, that the city of Negaunee, before passing the resolution referred to in paragraph 3 of the petition, had entered into a contract with the Cleveland-Cliffs Iron Company, wherein it provided that the said Cleveland-Cliffs Iron Company may enter said public cemeteries now in use in the city of Negaunee, and mine and remove said deposit of iron ore, upon terms of payment provided for in the contract.*

" *Respondent further shows that by the terms of said contract the said Cleveland-Cliffs Iron Company have agreed to furnish and provide, at its own expense, for the said city of Negaunee, a piece of land suitable for cemetery purposes. It is also provided in said contract that the said Cleveland-Cliffs Iron Company will remove the bodies in the present cemeteries to such new cemetery at their own expense.*

" Respondent further shows that the present cemeteries are of about 10 acres in extent, and have been in use as cemeteries and been sufficient as cemeteries for the said city of Negaunee since its settlement and establishment.

" Respondent further shows that pursuant to the (*an*) agreement with the city of Negaunee, the Cleveland-Cliffs Iron Company purchased of Charles and Napoleon Mar-

quetty 40 acres of land adjoining the land described in the petition on the east, and that it is designed to use this said 40 acres of land for a burial ground for the city of Negaunee.

"Respondent further shows that, for burial purposes, this said 40 acres would be sufficient for the city of Negaunee for any reasonable period of time in the future, and that it would not be necessary to acquire respondent's land for cemetery purposes, to be used in addition to said 40 acres of land, *were it not for the provision in peti- tioner's contract with the Cleveland-Cliffs Iron Com- pany that the said Cleveland-Cliffs Iron Company re- move the bodies from the present cemeteries.*

"*Respondent further shows that the removal of the bodies are not necessary, except for the profit and emolument which the said Cleveland-Cliffs Iron Com- pany may derive from the removal of said deposit of iron, by undermining the cemeteries now in use, and that this proceeding therefore is only made necessary by, and is a condemnation of private property for, the use, convenience, and profit of a private corporation, and is not in any sense necessary for the use of the petitioner, in addition to the land already available and ready to be placed at the disposal of the said pe- titioner.*

"*Respondent further shows: That the said Cleve- land-Cliffs Iron Company desire to obtain title to the portion of the 40-acre tract described in said petition, not designed to be used for cemetery purposes, lying south of the county road and west of the Carp river; that the said Cleveland-Cliffs Iron Company has a dominating influence in the affairs of the city of Ne- gaunee;* that the portion of respondent's 40-acre tract here sought to be condemned is the most valuable part of said 40-acre tract, and is necessary to the enjoyment of the said 40-acre tract, in this: That upon this portion of the 40-acre tract, the main part of the clearing has been done. It is the only high portion of the said 40-acre tract avail- able for general farming purposes, and upon this portion stands the house and barn of said respondent.

"*Respondent is informed and believes that the said Cleveland-Cliffs Iron Company procured the selection of the land described in the petition, for the purpose of depreciating and deteriorating the value of the re- maining part of the 40-acre tract, in order that they*

159 Mich.—24.

*might acquire it from respondent at a low figure, and
that in this respect the said condemnation proceeding
is also for the benefit, profit, and convenience of a
private corporation.*

"Respondent further shows that there are other parcels
of land suitable for cemetery purposes, more conveniently
located with reference to the city's center of population,
than the land herein proposed to be condemned, and that
the Cleveland-Cliffs Iron Company own and have title to
parcels of land so available for cemetery purposes.

"Respondent further shows that she is informed and
believes that there is a deposit of iron underlying the
premises so sought to be condemned, and that the con-
demnation of the surface estate of said land will destroy
the value of any mineral deposit that may underlie the
same, since the removal of such mineral deposit would
create the same condition as makes necessary the removal
of the bodies from the present cemeteries now in use by
the city of Negaunee."

Counsel for the city moved the court to strike out cer-
tain parts of the answer. The court entered an order
striking out those parts above printed in italics. The re-
lator now asks that the respondent be compelled to set this
order aside.

GRANT, J. (*after stating the facts*). The answer ad-
mits the public necessity of a new cemetery by the admis-
sion that the old cemeteries are filled up and crowded, and
that the public health and convenience require the selec-
tion and adoption of a new cemetery. The only question
therefore left for the court to determine is the necessity of
taking the relator's land. This question is not at all af-
fected by the fact that private parties may be interested in
securing the vacation of the old cemeteries, and may agree
to bear the expense, in whole or in part, of removing the
bodies, gravestones, and monuments to a new cemetery.
*Hairston* v. *Railway Co.*, 208 U. S. 598 (28 Sup. Ct.
331); *Pere Marquette R. Co.* v. *Gypsum Co.*, 154 Mich.
290–299 (117 N. W. 733); *Chicago, etc., R. Co.* v. *More-
house*, 112 Wis. 1 (87 N. W. 849, 56 L. R. A. 240, 88
Am. St. Rep. 918).

If the parties interested made an agreement by which the Cleveland-Cliffs Iron Company have provided burial ground upon which to remove the bodies in the old cemeteries, that is no concern of the relator. If the alleged purchase by the Cleveland-Cliffs Iron Company is for future burials, and not alone for the removal of bodies from the old cemeteries, it will become, upon the hearing of the trial, a legitimate inquiry whether the land so furnished is sufficient for present and future needs. That may affect the question of the necessity of taking the relator's land. It is a fair inference from relator's admission that the public health may require the removal of the old cemeteries, and, if the Marquetty 40 was purchased by the Cleveland-Cliffs Iron Company and conveyed to the city for that purpose alone, it will not affect the necessity of acquiring land for a new cemetery. Neither is it of any significance or importance that the Cleveland-Cliffs Iron Company may desire that the city should secure the higher portion of relator's land in order to diminish the value of the adjoining portion of her land for mining purposes. That relates to the question of her damages. Neither is it of any importance that the Cleveland-Cliffs Iron Company herein exercises a predominating influence in the municipal government of the city. The sole question is the necessity of taking the relator's land. The issues raised by that portion of her answer stricken out have no bearing upon the question.

The writ is denied.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.